UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PORFIRIO HERNANDEZ,

                 Petitioner,         09 Civ. 6496

   -against-                  MEMORANDUM OPINION

UNITED STATES OF AMERICA,

                 Respondent.

------------------------------------X

**Sweet, D.J.**

      Petitioner Porfirio Hernandez ("Hernandez") has applied for leave to appeal <u>in forma pauperis</u> this Court's denial of his motion to vacate, set aside, or correct his sentence. For the foregoing reasons, the application is denied.

**Prior Proceedings**

      Hernandez pled guilty to bail jumping and conspiracy to defraud the United States. He received 60 months' imprisonment on the conspiracy charge, pursuant to 18 U.S.C. § 371, and 12-months-and-one-day's imprisonment on the bail-jumping charge, pursuant to 18 U.S.C. § 3146, for a total sentence of 72 months and one day. Hernandez's counsel had

secured the plea agreement whereby in exchange for Hernandez's guilty plea to bail jumping and conspiracy, the Government dismissed a bank-fraud charge under 18 U.S.C. § 1344, for which Hernandez could have received a substantially higher jail sentence.  After sentencing, Hernandez appealed to the Second Circuit, which subsequently dismissed his appeal.

On July 22, 2009, Hernandez filed a motion pursuant to 28 U.S.C. § 2255 alleging denial of constitutionally effective assistance of counsel and seeking to have his sentence vacated, set aside, or corrected.  This Court denied Hernandez's motion in an order dated April 19, 2010.  See Hernandez v. United States, No. 09 Civ. 6496, 2010 WL 1558559 (S.D.N.Y. Apr. 19, 2010).  This Court denied Hernandez's petition for a certificate of appealability on June 11, 2010.  On the same date, Hernandez filed an appeal of the April 19, 2010 decision with the Second Circuit.

On June 28, 2010, Hernandez submitted the instant application to appeal in forma pauperis.

## Standard for *in forma pauperis* Determination

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)) (internal citations omitted); see also Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal in forma pauperis . . . unless the distrct court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing an appeal is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of an issue not frivolous."); see also Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).

Hernandez states in his application that he intends, on appeal, to demonstrate that he was denied constitutionally effective assistance of counsel and that this Court should have granted him an evidentiary hearing on this issue. However, this

2

Court has carefully considered Hernandez's claims and found that they lack merit. Therefore, pursuant to 28 U.S.C. § 1915(1)(3), Hernandez's appeal cannot be taken in good faith and his application to appeal in forma pauperis is denied.

It is so ordered.

New York, NY
July 20 2010

ROBERT W. SWEET
U.S.D.J.